UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER BOWLING,

      Petitioner,

v.

CASE NO. 2:14-CV-12857
HONORABLE DENISE PAGE HOOD

BENNY NAPOLEON,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    INTRODUCTION**

Roger Bowling ("Petitioner"), a pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan, has filed a pro se petition for a writ of habeas corpus challenging his pending prosecution on state criminal charges of first-degree murder, disinterment and mutilation of dead bodies, tampering with evidence, and felony firearm in the Wayne County Circuit Court. In his petition, he asserts that the prosecutor presented perjured testimony in order to bind him over for trial and that he has been improperly held in custody since July 23, 2012. Petitioner seeks dismissal of the pending charges, release from custody, and any other appropriate relief.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary

consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations which are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the habeas petition must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.   DISCUSSION

Petitioner challenges his pending criminal prosecution in the Wayne County Circuit Court in this habeas action. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v.*

*Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner has not met his burden.  First, because Petitioner seeks dismissal of his pending state charges and release from custody, he is not entitled to federal habeas relief. *See Braden*, 410 U.S. at 493.  Second, to the extent that Petitioner contests the bind-over decision and/or challenges evidence that may be used against him at trial, he fails to show that he has exhausted his state court remedies.  Petitioner can present his perjured testimony claim to the state courts on direct appeal should he be convicted. Consequently, he has not fully exhausted his state court remedies.  *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Third, to the extent that Petitioner cites the delay in bringing him to trial, he does not request a speedier trial nor allege sufficient facts to state such a claim. The state court docket indicates that trial delays have been caused by both the prosecution and the defense and that Petitioner's trial is now scheduled for August 11, 2014. *See State of Michigan v. Roger Kenneth Bowling*, Wayne Co. Cir. Ct. No. 12-008235-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2178759. Lastly, Petitioner fails to establish that special circumstances warrant federal habeas review.  His habeas petition is therefore premature and must be dismissed.

3

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings is premature and that he is not entitled to federal habeas relief at this time. His petition shall be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner fails to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability and leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager